Samuel Di Francis, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued February 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR. and MENCER, sitting as a panel of three.

*Samuel DiFrancis,* appellant, for himself.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by President Judge Bowman, March 5, 1975:

In this unemployment compensation case, the Bureau of Employment Security and the referee disallowed benefits to claimant-appellant. The referee's decision was mailed to claimant on November 9, 1973. On Tuesday, November 20, 1973, claimant filed a petition for appeal to the Unemployment Compensation Board of Review. The Board remanded the case for further testimony limited solely to the issue of timeliness of the appeal to the Board since it appeared that the appeal was filed one day beyond the statutory 10-day appeal period as set forth in Section 502 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P. S. §822. Upon review of the testimony taken at the remand hearing, the Board dismissed claimant's appeal as untimely filed. Claimant has appealed to us.

The only issue properly before this Court is whether the Board was correct in dismissing claimant's appeal on the grounds that it was filed beyond the 10-day appeal period. The law in Pennsylvania is clear that the requirement of filing an appeal within 10 days of the referee's decision is mandatory and jurisdictional. *Lizzi v. Unemployment Compensation Board of Review*, —— Pa. Commonwealth Ct. ——, 331 A.2d 228 (1975); *Mercado v. Unemployment Compensation Board of Review*, —— Pa. Commonwealth Ct. ——, 331 A.2d 226 (1975); *Sanabria v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 42, 317 A.2d (1974); and *Kitchell v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 149, 305 A.2d 728 (1973). In the absence of fraud or wrongful or negligent conduct on the part of the administrative authorities, this requirement cannot be waived. *Kitchell, supra.* Claimant has not alleged fraud or negligent or wrongful conduct in this context, nor would the record support such a finding.

516

Claimant relies on *Neupauer Unemployment Compensation Case,* 198 Pa. Superior Ct. 186, 181 A.2d 743 (1962). In that case, the referee's decision was mailed to the claimant on September 28, 1961. Although that court upheld the dismissal of the appeal as untimely filed, the court stated that the last day for filing the appeal was October 9, 1961. Claimant in the instant appeal argues that since October 9, 1961 was actually the eleventh day following September 28, the Superior Court impliedly allowed at least one day delay. Unfortunately, claimant has misinterpreted this language from *Neupauer, supra.* In *Neupauer,* the tenth day of the appeal period fell on a *Sunday,* October 8, 1961, and was therefore properly omitted from the computation of the 10-day period. *See* Section 1908 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1908.

Accordingly, we enter the following

ORDER

Now, March 5, 1975, the order of the Unemployment Compensation Board of Review, dated March 12, 1974, dismissing the appeal of Samuel DiFrancis, is affirmed.