## Borough of Grove City v. Commonwealth

*Herman M. Rodgers, Rodgers, Marks & Perfilio,* for appellant.

*Ward T. Kelsey,* for Commonwealth.

COHEN, Member, April 10, 1975.—This matter is before the board on the appeal of the Borough of Grove City, Mercer County, Pa., from two actions of the Department of Environmental Resources. The appeal was filed December 10, 1974. The actions from which the appeal is taken are as follows:

1. An order issued by DER to the Borough of Grove City, Mercer County, Pa., on June 26, 1973, and received by the borough on or about June 28, 1973, instituting a sewer connection ban with regard to the Grove City sewage treatment facilities.

2. The denial by DER to the borough for an exception from the sewer connection ban to permit the connection of Perkins Pancake and Steak House to the Grove City Borough sewage system. The denial of the exception was dated November 12, 1974, and the borough received notice thereof on November 13, 1974.

On March 26, 1975, DER, through its attorney, moved to dismiss the appeal with respect to the ban itself on the ground that the appeal was not timely filed and with regard to the denial of the exception from the ban on the ground that the borough lacked standing. On April 1, 1975, the borough, through its counsel, filed an answer to the motion to dismiss. Because the issues with regard to the ban itself and

the exception to the ban are separate and distinct issues, we will adjudicate herein only the issue of whether appellant, Borough of Grove City, took a timely appeal from the ban.

## FINDINGS OF FACT

1. Appellant is the Borough of Grove City, Mercer County, Pa.

2. Appellee is DER, the agency of the Commonwealth authorized to adminster the provisions of The Clean Streams Law of June 22, 1937, P. L. 1987, as amended, 35 PS §691.1 et seq.

3. On June 26, 1973, DER issued an order to appellant prohibiting new connections or cap-ons to that part of appellant's sewer system tributary to the Grove City Borough treatment plant. Appellant received said order on or about June 28, 1973.

4. On December 10, 1974, almost one and a half years after the issuance of the sewer connection ban, appellant filed an appeal with the Environmental Hearing Board from the order instituting the ban.

5. Section 21.21(a) of the Rules of Practice and Procedure before the Environmental Hearing Board establishes a 30-day appeal period from actions of DER in respect of those actions taken under The Clean Streams Law, supra.

## DISCUSSION

The law in Pennsylvania is clear that statutory appeal periods are jurisdictional and may not be waived. See Commonwealth v. Niemeyer Oldsmobile, Inc., 12 Pa. Commonwealth Ct. 388, 316 A.2d 152 (1974); Iannotta v. Phila. Transportation Co., 11 Pa. Commonwealth Ct. 156, 312 A.2d 475 (1973); General v. E. Roseman Co., 10 Pa. Commonwealth Ct. 569, 312 A.2d 609 (1973).

Section 21.21(a) of the Rules of Practice and Procedure before the board are authorized by section 2119-A(e) of The Administrative Code of April 9, 1929, P. L. 177, as amended, 71 PS §51, et seq., as such. The appeal period set forth therein has the same status as an appeal period set forth in statute. Therefore, inasmuch as this appeal was filed more than 30 days after appellant received notification of the order instituting a sewer connection ban, it must be quashed for lack of jurisdiction. See DiFrancis v. Commonwealth, Unemp. Comp. Bd. of Rev., 17 Pa. Commonwealth Ct. 514, 333 A.2d 202 (1975).

Appellant insists that if an appeal is not allowed in this case, it will be precluded from showing that it has complied with the conditions of the order of the department and is, therefore, entitled to have the sewer connection ban lifted. This, however, is no justification for allowing an untimely appeal. An appeal from the ban itself questions the validity of its issuance. This must be taken within the prescribed appeal period. If, however, appellant wishes to have the ban lifted, it must first request the department to do so and establish that the department has refused unjustifiably to lift the ban. In such a case, the action from which an appeal would be taken would be the refusal to lift the ban. If such action were taken within the prescribed appeal period, appellant could have the validity of the refusal determined. This is not the case in this matter. Appellant has stated no reason which would confer jurisdiction on this board to entertain an appeal from the institution of the sewer connection ban on June 26, 1973.

## CONCLUSION OF LAW

1. The Environmental Hearing Board does not have jurisdiction to hear an appeal from an order imposing

a sewer connection ban, where the municipality to whom such order was issued took an appeal more than 30 days after the issuance of the order.

## ORDER

And now, April 10, 1975, the appeal of the Borough of Grove City, Mercer County, Pa., from an order of DER under date of June 26, 1973, instituting a sewer connection ban with regard to connections to sewers tributary to its treatment facilities is hereby quashed for lack of jurisdiction.