Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Joseph A. Digiacomo, Appellant.

Argued March 5, 1976, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*William G. Staton,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 13, 1976:

The sole question for our review is whether the Unemployment Compensation Board of Review (Board) properly dismissed the petition of appeal of Joseph A. Digiacomo (Claimant) pursuant to Section 502 of the Unemployment Compensation Law[1] when the appeal was postmarked twelve (12) days after the referee's decision and was received thirteen (13) days after that decision.

Section 502 states in relevant part:

"The parties and the department shall be duly notified of the referee's decision, and the reasons therefor, which shall be deemed the final decision of the board, *unless within 10 days after the date of such decision* the board acts on its own motion, or upon application, permits the parties or the department to institute a further appeal before the board." (Emphasis added.)

The instant appeal is governed by the guidelines enunciated in *DiFrancis v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 514, 333 A. 2d 202 (1975), wherein we held that the law of Pennsylvania is clear that the requirements of filing an appeal within 10 days after the referee's decision are mandatory and jurisdictional. In the absence of fraud or wrongful or negligent conduct of the administrative authorities, this requirement cannot be waived.

Claimant does not suggest fraud, negligence or wrongful conduct on the part of the authorities, but rather presses the argument that the appeal period *should* commence with actual delivery of the decision.

---

1. Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §822.

Section 502 is clear that the period of limitation commences to run from the "date of such (referee's) decision." Absent any legislative directive to the contrary, we must

ORDER

AND NOW, this 13th day of April, 1976, the order of the Unemployment Compensation Board of Review dismissing the appeal of Joseph A. Digiacomo is hereby affirmed.