Donald Leight, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Dennis Kopp, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 5, 1979, before Judges CRUMLISH, JR., ROGERS and MacPHAIL, sitting as a panel of three.

*Bernard Markovitz,* of *Markovitz and Vitti,* for appellants.

*Elsa Newman,* with her *William J. Kennedy,* Assistant Attorney General, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MacPHAIL, February 13, 1980:

These are appeals from orders of the Unemployment Compensation Board of Review (Board) disallowing as untimely filed the appeals of Donald Leight and Dennis Kopp (Claimants) from the Bureau (now Office) of Employment Security's (Bureau) denial of benefits. Since both appeals involve identical circumstances, they were consolidated for our review.

According to a copy of the Bureau's Notice of Determination attached to, but never admitted as a part of, the record by the referee,[1] the date of the Bureau's determination was September 19, 1978. Appellant Kopp filed his appeal on October 11, 1978 and Appellant Leight filed his appeal the following day. Noting

---

[1] At the beginning of the hearing, the referee stated: "All right, in the Leight case we'll accept for the record, well [sic] since it's a timeliness question we don't have to accept the Bureau documents in either case." N.T. 2.

that the appeals were filed beyond the 15 days allowed for such appeals,[2] the referee limited the hearing before him to the issue of the timeliness of the appeals.

Because the appeal provisions of the Act are mandatory, Claimants carry a heavy burden in cases such as this and, absent proof of fraud, *i.e.* wrongful or negligent conduct on the part of the administrative authorities, cannot prevail. *Kitchell v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 149, 305 A.2d 728 (1973).

The only witnesses who testified before the referee were the Claimants and their union representative. Claimants testified categorically that they never received the Bureau's Notice of Determination. There is no doubt that the referee and the Board may refuse to accept the uncorroborated and uncontroverted testimony of any witness. *Edelman v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 275, 310 A.2d 707 (1973). However, a witness' testimony as to facts within his actual knowledge does qualify as competent evidence. *Kiriluk v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 229, 398 A.2d 772 (1979).

---

[2] Section 501(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §821(e) reads as follows:

(e) Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

Since the issue of whether and when the notice was mailed to Claimants controls the appeal date and since there is no direct testimony from the administrative officials on this point, the Board relies upon the presumption of the regularity of the acts of public officials, *Unemployment Compensation Board of Review v. Hart*, 22 Pa. Commonwealth Ct. 225, 348 A.2d 497 (1975), and the presumption that a properly mailed letter was received. *Paul v. Dwyer*, 410 Pa. 229, 188 A.2d 753 (1963). In *Mileski v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 334, 338, 379 A.2d 643, 645 (1977), Judge MENCER held that the presumption of the regularity of acts of public officials "has been used *only* under circumstances where there was some other indication that the act in question had been performed in the particular case" (emphasis added).

In the instant cases, the referee found as facts that: (1) the Bureau issued the determinations on September 19, 1978, (2) the determinations were mailed to the Claimants' last addresses on that date, and (3) the determinations were not returned by the postal authorities as undeliverable. Nowhere does the referee indicate evidence to suport the latter two findings. Our review of the record discloses that there is no such evidence.

Therefore, in the absence of some evidence that the act in question, *i.e.* the mailing of the notices, was performed, the presumption upon which the Board relies is inapplicable. There is no presumption that a letter was mailed. *Paul v. Dwyer, supra.* It follows that until there is proof that a letter was mailed, there can be no presumption that it was received.

We conclude that in the circumstances of this case, the referee and the Board arbitrarily and capriciously disregarded the competent evidence of the Claimants and since such matters are within our scope of review,

*Houff Transfer, Inc. v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 238, 397 A.2d 42 (1979), we reverse.

### ORDER

AND Now, this 13th day of February, 1980, the order of the Unemployment Compensation Board of Review, dated December 27, 1978, is reversed and this case is remanded for a determination of eligibility.

Judge DISALLE did not participate in the decision in this case.