Israel Fuentes, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 4, 1980, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*E. Craig Kalemjian, Lamb, Windle & McErlane,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, April 16, 1980:

Israel Fuentes (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which denied, as untimely filed, his appeal from a referee's decision refusing him unemployment benefits.

On January 17, 1978, a referee's decision which reversed a Bureau (now Office) of Employment Security (Bureau) award of benefits was mailed to the claimant at his address in Puerto Rico. On February 17, 1978, he filed an appeal to the decision although the statutory fifteen-day appeal period had passed. On March 31, 1978, the Board's secretary sent him a letter informing him that his appeal was untimely but noting that he could request a hearing on the timeliness question within fifteen days. He did not respond. On July 12, 1978, therefore, the Board issued its order dismissing his appeal. The claimant concedes that his appeal was untimely but he requests that it be permitted because he was misled as to his right to appeal by the administrative authorities.

It is true that an untimely appeal will be permitted when there is proof of fraud or its equivalent, *i.e.,* wrongful or negligent conduct of the administrative authorities, *Berry v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 565, 382 A.2d 487 (1978). It is equally true that the claimant bears the heavy burden of proving such fraud. *See Unemployment Compensation Board of Review v. Hart,* 22 Pa. Commonwealth Ct. 225, 348 A.2d 497 (1975). Here the claimant contends that the Board's finding that he was not misled or misinformed by the unemployment compensation authorities is in error because there is no evidence upon which it is based. The only evidence on the record, he argues, is to the contrary, *i.e.,* his statement that a Bureau representative told him that he could not appeal and the same representative's notation on his record which reads, "He first reported 1-28-78, was oriented to stop claiming then." While there is no affirmative evidence of record to support the Board's finding, we have previously held that the Commonwealth is not required to present affirmative evidence in a case such as this be-

cause the finding is supported by the well-established presumption of the regularity of the acts of public administrative officials. *Hart, supra.* The fact that the claimant presented testimony to the contrary is not dispositive because the Board may reject even uncontradicted evidence of the claimant if it concludes that this testimony is not credible or worthy of belief. *See Edelman v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 275, 310 A.2d 707 (1973). We do not believe, therefore, that the Board erred in making a finding of fact contrary to the claimant's testimony.

Because the claimant failed to prove the existence of any circumstances which would justify the waiver of the limitations period, the Board correctly dismissed his untimely appeal.

ORDER

AND Now, this 16th day of April, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

President Judge BOWMAN did not participate in the decision in this case.