Robert K. Pearce et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Modern Sign Advertising Co. et al., Respondents.

Argued June 2, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Warren J. Borish, Meranze, Katz, Spear* & *Wilderman,* for appellants.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondents.

Opinion by Judge Blatt, July 23, 1980:

Robert K. Pearce and other similarly situated fellow employees (claimants) appeal here from an order of the Unemployment Compensation Board of Review (Board) disallowing further appeal of a referee's decision which dismissed their appeals to him as untimely.

The claimants were among approximately 300 employees of five sign companies in the Delaware Valley. In the process of collective bargaining between the companies and the unions representing these employees, a work stoppage took place, and a number of the employees, including the claimants, then applied for unemployment compensation. Their claims were rejected by the Bureau (now Office) of Employment Security. A number of employees, *not* including the claimants, then filed timely appeals, and a referee held that the employees had been locked out and were therefore entitled to benefits. This decision was affirmed by the Board. Consequently, those employees who had filed appeals and those who had not yet applied for compensation were ruled eligible for benefits. The claimants, however, who had not filed timely appeals from the adverse determination of the Bureau, were denied benefits. *See* Section 501(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e). They argue now that they were wrongly denied benefits because all of the other employees involved have been awarded compensation. They also claim that they were misled by the Bureau into thinking that individual appeals on their part were unnecessary. The referee found, however, that they had not been in any way misled.

Where, as here, the party with the burden of proof did not prevail below, our review is limited to questions of law and to whether or not the findings of the

Board were made in capricious disregard of the evidence. *Houff Transfer, Inc. v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 238, 397 A.2d 42 (1979). We have carefully reviewed the record, and we believe it is clear that the referee's finding was clearly based on the evidence before him. Indeed, it seems that any misinformation received by the claimants came not from the Bureau but from the union representatives, who apparently believed that the claims were being treated on a mass basis and that individual action on an employee's part was not necessary. In fact, however, there was no such agreement between the Bureau and the employees or unions here concerned.

We must also note that "neither courts nor the compensation authorities have jurisdiction to extend the time for an appeal from the denial of benefits, absent a showing of fraud or its equivalent *on the part of the administrative authorities.*" *Berry v. Unemployment Compensation Board of Review*, 488 Pa. 180, 183, 411 A.2d 1198, 1200 (1980) (emphasis added). *Unemployment Compensation Board of Review v. Hart*, 22 Pa. Commonwealth Ct. 225, 348 A.2d 497 (1975). Any mistake or misrepresentation made by union officials in this case cannot be imputed to the compensation authorities. Nor can the time specifically allowed by the law for the filing of appeals be extended without some showing of fraud or its equivalent by those authorities.

The order of the Board is therefore affirmed.

ORDER

AND, Now, this 23rd day of July, 1980, the order of the Unemployment Compensation Board of Review in this above-captioned matter is hereby affirmed.