Maria Rene Ferraro, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 8, 1983, before Judges BLATT, DOYLE and BARBIERI, sitting as a panel of three.

*Warren J. Borish, Meranze, Katz, Spear & Wilderman,* for petitioner.

*Charles D. Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, August 31, 1983:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) which denied as untimely an appeal by Maria Rene Ferraro (Claimant) of a denial of benefits.

On December 31, 1980 the Referee found that Claimant had left her employment due to cause of a necessitous and compelling nature, therefore making

her eligible for benefits during the weeks between October 18 through November 29, 1980. Subsequently, however, an investigation conducted by the OES revealed that the Claimant had been a full-time student during the period when she had collected benefits and that she had also been employed during the same period. At a hearing held on December 31, 1980, Claimant testified to the contrary and thereby perjured herself. On July 23, 1981, notice was mailed to Claimant of an interview scheduled for July 28, 1981 to discuss these facts regarding her inelegibility for the weeks in question. Claimant did not attend that meeting and on July 29, 1981 the OES determined her ineligible. The OES determined that during the time for which she filed and received benefits she was, in fact, a full-time student at Temple University. They concluded, therefore, that she was ineligible to receive benefits under Section 401(d)(1) of the Unemployment Compensation Law (Law)[1] because she was not able and available for full-time employment. In addition, the OES found that she had been employed during part of that time and had not reported her earnings when applying for benefits, making her additionally ineligible under Section 4(u) of the law, 43 P.S. §753(u). Because Claimant had withheld such information, a fault recoupment of $672.00 was ordered for the weeks when Claimant was ineligible. On the Notice of Determination sent to the Claimant on July 29, 1981, the last day to file an appeal was listed as August 13, 1981. This date represented the end of the prescribed time period in which an appeal could have been filed, *i.e.* fifteen days. Claimant states however that she did not receive this notice of the OES action until after the time period for appeal had elapsed

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), *as amended*, 43 P.S. §801(d)(1).

because she had moved from her residence on July 1, and did not notify the postal authorities until about two weeks later. The notice, however, was not returned by the postal authorities as undeliverable.

On August 21, 1981 Claimant informed the OES by letter of her desire for an appeal. Her letter was postmarked August 25, twenty-eight days after the determination by the OES, and twelve days after the time period for appeal had expired. On September 23, 1981, the Referee dismissed Claimant's petition for appeal concluding that it was not filed within the allowed period of fifteen days from the date of the OES's determination. The Board affirmed the Referee's opinion on November 13, 1981. Claimant now asserts that her due process rights have been violated by denial of this appeal.

Section 501(e) of the Law, 43 P.S. §821(e), provides, in pertinent part:

> Unless the claimant ... files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c), and (d) within 15 calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

Notice of denial of benefits to unemployment compensation claimants which state the last day to file an appeal therefrom and which are properly addressed and not returned by the postal authorities are presumed to be received, and a claimant's appeal which is not filed within fifteen calendar days after notice of the action was mailed to a claimant's last known ad-

dress is not timely filed. *Das v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 483, 399 A.2d 816 (1979). Without proof of fraud or its equivalent, there is a presumption of regularity of the acts of public officials such as unemployment compensation authorities. *Cameron v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 567, 430 A.2d 396 (1981). Because appeal provisions of Unemployment Compensation Law are mandatory, claimants carry a heavy burden to justify untimely appeals and, absent proof of fraud, cannot prevail. *Leight v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 312, 410 A.2d 1307 (1980). Something more than mere hardship is necessary to justify an extension of time, or its equivalent, allowance of the act nunc pro tunc. *Wise v. Cambridge Springs Borough*, 262 Pa. 139, 104 A. 863 (1918). Exceptions have been recognized, for example, where the presence of fraud or its equivalent is shown, *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938), or where a person is misled by an authorized official, *Layton v. Unemployment Compensation Board of Review*, 156 Pa. Superior Ct. 225, 40 A.2d 125 (1944).

Here however, the reason for tardiness in Claimant's request for an appeal was her own delay in notifying OES or the postal authorities of her change in address. This delay was fatal. It was through no fraud, misrepresentation or neglect of the OES that the notice did not reach Claimant and hence the appeal was not timely filed. The decision of the Board must be affirmed.

### ORDER

Now, August 31, 1983, the order of the Unemployment Compensation Board of Review in the above referenced matter, dated November 13, 1981 is hereby affirmed.