IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Harry L. Bierley, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 551 C.D. 2017 |
| | : | Submitted: December 1, 2017 |
| James L. Kowalski; Elizabeth | : | |
| Kowalski-Osterberg; William | : | |
| Osterberg; Victoria Dougan; | : | |
| Victor Kowalski; and Ruth | : | |
| Kowalski | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE J. WESLEY OLER, Jr., Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  March 2, 2018

Harry L. Bierley (Appellant), proceeding *pro se*, appeals from an order of the Court of Common Pleas of Erie County, which sustained Appellees'[1] preliminary objections in the nature of demurrer and dismissed Appellant's complaint with prejudice.  Appellant challenges the dismissal claiming, among other things, that he never received the "paperwork" from the trial court.  Appellant's Brief at 2.  In the trial court's supporting opinion filed pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, the trial court noted that Appellant failed to timely file a Concise Statement of Errors Complained of on Appeal

---

[1] Appellees are James L. Kowalski; Elizabeth Kowalski-Osterberg; William Osterberg; Victoria Dougan; Victor Kowalski; and Ruth Kowalski.

(Statement) pursuant to Rule 1925(b) as directed, and thus any issues raised on appeal are waived. As a threshold matter, we must ascertain whether Appellant preserved any issues for appellate review.

Rule 1925(b)(1) of the Pennsylvania Rules of Appellate Procedure provides that, if a trial court desires "clarification of the errors complained of on appeal, it may enter an order directing the appellant to file and serve on the judge a [Statement]." Pa. R.A.P. 1925(b)(1). The trial court "shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement." Pa. R.A.P. 1925(b)(2). Where an appellant fails to timely file a Statement, all issues for appeal are waived. *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005).

However, "[u]pon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Pa. R.A.P. 1925(b)(2). "Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal." *Id.*

"In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*." Pa. R.A.P. 1925(b)(2). In general, *nunc pro tunc* relief is warranted only when there has been a breakdown in the process constituting "extraordinary circumstances." *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001). In determining whether extraordinary circumstances exist, a court must consider whether there was fraud or a breakdown in the court's operations or whether the party seeking relief has proven that:

> (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the

2

> appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay.

*Id.* However, where an untimely appeal is attributable to an appellant's own negligence or lack of diligence, such as not providing the tribunal or postal authorities with a change of address, *nunc pro tunc* relief is not available. *See Ferraro v. Unemployment Compensation Board of Review*, 464 A.2d 697, 699 (Pa. Cmwlth. 1983) (holding that a claimant's own delay in notifying the Office of Unemployment Security or postal authorities of an address change did not excuse her late-filed appeal); *see also Constantini v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1673 C.D. 201, filed November 8, 2017) (an incorrect mailing date on a determination did not warrant *nunc pro tunc* relief where the petitioner erroneously concluded that the fifteen-day appeal period commenced on the date she received the determination as opposed to the date of the determination itself).[2]

Here, the trial court entered an order on March 31, 2017 denying Appellant's motion for recusal and an order on April 3, 2017 sustaining preliminary objections in the nature of demurrer. On April 28, 2017, within the 30-day appeal period, Appellant filed a notice of appeal in this Court.[3]

---

[2] Section 414 of this Court's Internal Operating Procedures authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent. 210 Pa. Code §69.414.

[3] We note that the underlying matter is an action for unjust enrichment against Appellees for care rendered to their mother. Pursuant to Section 742 of the Judicial Code, 42 Pa. C.S. §742, the Superior Court has jurisdiction over all appeals from orders of common pleas courts unless jurisdiction is vested in Commonwealth Court under Section 762 of the Judicial Code, 42 Pa. C.S. §762. Section 762 of the Judicial Code provides no basis upon which to conclude that jurisdiction belongs in Commonwealth Court. Notwithstanding, Appellees do not question or otherwise object

In response, on May 17, 2017, the trial court directed Appellant to file a Statement "within twenty-one (21) days of the date of this Order. Any issue not properly included in the Statement timely filed and served pursuant to the Rule shall be deemed waived." Trial Court Order, 5/17/17, at 1. However, Appellant did not file a Statement until June 13, 2017, well beyond the 21-day period.

Upon closer examination of the record, it appears that the trial court's May 17, 2017 order directing Appellant to file a Statement was returned to sender on May 22, 2017. Certified Record (C.R.), Civil Docket, at 3. The trial court originally sent the order to Appellant at 3123 German Street, Erie, Pennsylvania. *Id.* On the returned envelope, postal authorities noted that the forward time stamp expired and provided a forwarding address for Appellant of 242 E. 32nd Street, Erie, Pennsylvania. *Id;* C.R., Item No. 33.2 (Returned Envelope). According to the docket, it appears that, on May 22, 2017, the trial court forwarded its order to Appellant at 242 E. 32nd Street, Erie, Pennsylvania. *See* C.R., Civil Docket, at 3.

On May 30, 2017, Appellant filed a request for extension of time to respond to the May 17, 2017 order. C.R., Item No. 37.4 (Request for Time

---

to this Court's jurisdiction. Rule 741(a) of the Pennsylvania Rules of Appellate Procedure provides:

> The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court.

Pa. R.A.P. 741(a); *accord* Section 704 of the Judicial Code, 42 Pa. C.S. §704(a). Therefore, Appellees waived any objection to this Court's jurisdiction. *See Pettko v. Pennsylvania American Water Co.*, 39 A.3d 473, 476 n.2 (Pa. Cmwlth.), *appeal denied*, 51 A.3d 840 (Pa. 2012). In the interest of judicial economy, this Court will retain jurisdiction limited to this appeal.

Extension). Therein, Appellant states, "For reasons unknown, he did not receive the order until [May 24, 2017] with a postmark dated [May 23, 2017]." *Id.* He attached a copy of the postmarked envelope from the trial court. *Id.* On June 13, 2017, Appellant filed his Statement.

On June 21, 2017, the trial court denied Appellant's request for extension without explanation. C.R., Civil Docket, at 4; C.R., Item No. 40.1. On June 28, 2017, the trial court entered its 1925(a) opinion. Therein, the trial court concluded that, because Appellant filed an untimely Statement, any issues raised on appeal were waived.[4]

Although Appellant did not file his 1925(b) Statement within 21 days from the initial exit day of May 17, 2017, Appellant maintains that his late filing should be excused because he filed it within 21 days of the remailing date of May 22, 2017. Despite Appellant's request for an extension of time, the trial court did not make findings of fact or provide analysis regarding whether Appellant's untimely Statement met the requirements for *nunc pro tunc* relief. It is unclear whether the delay was attributable to some breakdown in the trial court's operations or to Appellant's lack of due diligence by not notifying the trial court of his change of address. Therefore, we remand to the trial court to issue a new opinion addressing this issue, which shall contain findings of fact and conclusions in support of the grant or denial of *nunc pro tunc* relief. Pa. R.A.P. 1925(c)(1) (an appellate court may remand for a determination as to whether a Statement was timely filed); *see, e.g., Stone Neapolitan Pizzeria, Inc. v. Pennsylvania Liquor Control Board* (Pa. Cmwlth.,

---

[4] The trial court also noted that it considered "Appellant's appeal to be abusive, vexatious, and repetitive." Trial Court's 1925(a) Opinion, 6/28/17, at 1. The trial court explained that the matter was fully litigated in a prior proceeding and, thus, the trial court sustained Appellees' preliminary objections on the basis of *res judicata*.

No. 19 C.D. 2017, filed September 22, 2017) (remanding to trial court to issue new opinion addressing *nunc pro tunc* relief). If the trial court concludes that *nunc pro tunc* relief is warranted, it shall address the merits of Appellant's appeal in its 1925(a) opinion. However, if it concludes that *nunc pro tunc* relief is not warranted, it shall remit the 1925(a) opinion filed on June 28, 2017.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harry L. Bierley, : 
                                       : 
              Appellant : 
                                         : 
                v. : No. 551 C.D. 2017
                                         : 
James L. Kowalski; Elizabeth : 
Kowalski-Osterberg; William : 
Osterberg; Victoria Dougan; : 
Victor Kowalski; and Ruth : 
Kowalski : 

### O R D E R

AND NOW, this 2nd day of March, 2018, the above-captioned matter is remanded to the Erie County Court of Common Pleas (trial court) for a determination as to whether Harry L. Bierley (Appellant) is entitled to *nunc pro tunc* relief in accordance with the foregoing opinion. If the trial court concludes that Appellant is entitled to *nunc pro tunc* relief, the trial court shall address the merits of Appellant's appeal in its Pa. R.A.P. 1925(a) opinion and remit the same and the original record to this Court within 90 days of the date of this Order. If the trial court concludes that *nunc pro tunc* relief is not warranted, and that Appellant's Statement was untimely filed, the trial court shall remit its 1925(a) opinion filed on June 28, 2017 along with the original record to this Court within 60 days of the date of this Order.

The Chief Clerk shall send a copy of this Order to the Honorable John Garhart, Judge of the Erie County Common Pleas Court, to the Erie County Clerk of Courts, and to the Erie County Prothonotary.

Jurisdiction is retained.

                                         _____
                                         MICHAEL H. WOJCIK, Judge