IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn J. Mantz,      :
      Petitioner  :
           :
   v.        :
           :
Unemployment Compensation :
Board of Review,     :  No. 185 C.D. 2023
     Respondent :  Submitted: May 7, 2024

BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
     HONORABLE CHRISTINE FIZZANO CANNON, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON      FILED: June 5, 2024


   Shawn J. Mantz (Claimant) petitions for review of the December 22, 2022 order (Board Order)[1] of the Unemployment Compensation Board of Review (Board), which affirmed the Referee's July 27, 2022 decision (Referee's Decision)[2] denying Claimant unemployment compensation (UC) benefits. The Board found Claimant's appeal from the Referee's Decision was untimely pursuant to Section 502 of the Unemployment Compensation Law (UC Law).[3] Upon review, we affirm.

   The facts underlying this matter are straightforward. Claimant worked for Bella Concepts Remodeling (Employer) as a full-time sales representative from February 2021 until September 3, 2021. *See* Referee's Decision at 2. Employer

---

[1] *See* Board Order, Agency Record (A.R.) Item 16.

[2] *See* Referee's Decision, A.R. Item 12.

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 822.

discharged Claimant on September 3, 2021. *See id.* A Department of Labor and Industry (Department) Service Center initially determined that Claimant qualified for UC benefits, and Employer appealed. *See* Qualifying Separation Determination, Agency Record (A.R.) Item 4; Employer's Appeal from Determination, A.R. Item 5.

The Referee conducted a hearing on July 25, 2022,[4] at which Claimant did not appear. *See* Referee's Decision. On July 27, 2022, the Referee issued the Referee's Decision denying Claimant UC benefits based on Section 402(e) of the UC Law, 43 P.S. § 802(e), which decision was mailed to Claimant's address. *See id.* The Referee's Decision included notice of the right to appeal and informed Claimant that the last day to file an appeal was August 17, 2022. *See id.* at 6. There is no indication that the mailing of the copy of the Referee's Decision was returned by postal authorities as undeliverable. *See* Board Order, Findings of Fact (F.F.) 2.

Claimant thereafter filed a *pro se* appeal on August 29, 2022, 12 days past the 21-day limitation period provided by Section 502 of the UC Law and of which the Referee's Decision had expressly informed Claimant. *See* Claimant's Appeal from Referee's Decision, A.R. Item 13 (Claimant's Appeal); *see also* Referee's Decision at 6. Also on August 29, 2022, Claimant sent an email to the Department (Claimant's Email) explaining that he had been out of town for more than a month caring for his girlfriend (who has cancer) and thus had not been home to receive or open his mail containing the Referee's Decision until August 29, 2022.

---

[4] On June 21, 2022, the Referee sent the parties notification of the originally scheduled July 6, 2022 hearing date. *See* Notice of Telephone Hearing UC Appeal, A.R. Item 8. Claimant requested a continuance via email on the day of the scheduled hearing. *See* Request for Continuance, A.R. Item 9. The Referee granted Claimant's request and rescheduled the hearing for July 25, 2022. *See* Request for Continuance; Notice of Telephone Hearing UC Appeal, A.R. Item 10.

*See* Claimant's Email attached to Claimant's Appeal, A.R. Item 13. Claimant's Email stated, in relevant part:

> Good afternoon,
>
> I am writing in response to the docket in the subject line above, I apologize for the delay in response, as I have not been to my home in over a month. My girlfriend has cancer and I have been staying with her for the past few months in order to help her take care of her home and health. I just opened this mailed information 30 minutes ago. The above referenced hearing was a rescheduled hearing, as the initial attempt at a hearing I was aware of, unprepared for, and the former employer could not be reached. The follow up hearing which took place on 7/25/2022 I was also not aware of and during that time I was in North Carolina on a preplanned vacation without cell phone reception. I was unaware of the 2nd scheduled hearing date, as I requested phone communication of the rescheduled hearing date (given my current circumstances) and did not receive that notification either. It was sent in the mail, which I also just opened this morning. . . . Please appeal this decision and allow me the opportunity to bring relevant facts/justice to this case. I can best be reached via email or phone at [].
>
> Sincerely,
>
> Shawn Mantz

Claimant's Email (verbatim).

On October 6, 2022, the Board advised Claimant by letter that his appeal of the Referee's Decision appeared to be untimely. *See* Board Letter to Claimant dated October 6, 2022 (Board Letter), A.R. Item 15. The Board Letter explicitly advised Claimant:

3

If you believe that you filed your appeal within the twenty-one (21) day period or that it should be deemed timely for other reasons, **you must request in writing that a hearing be scheduled** to allow you the opportunity to set forth your reasons as to why you believe your appeal was timely filed. Please mail your request to the Board at the above letterhead address. Any such hearing involves only the issue of whether the appeal was timely filed. No ruling is made on the merits of the case unless the appeal is first ruled timely.

Board Letter (emphasis in original). The Board further advised that, "[u]nless the Board receives a reply, **specifically requesting a hearing on the timeliness issue**, postmarked **by October 21, 2022**, it will proceed to issue an appropriate order." Board Letter (emphasis in original). Claimant did not reply or request a hearing. *See* Board Order at 2, F.F. 8. On December 22, 2022, the Board issued the Board Order dismissing Claimant's appeal as untimely. *See* Board Order. This appeal followed.[5]

On appeal, Claimant argues that the Board erred by dismissing his appeal of the Referee's Decision as untimely.[6]  *See* Claimant's Br. at 5, 8-10.

_____

[5] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary findings of fact are supported by substantial evidence. *See* 2 Pa.C.S. § 704.

[6] Claimant purports to raise five issues in his brief, which he stated as follows:

1) Was the [Board] aware that [Claimant] moved twice (2) and resided at (3) different addresses during the duration of the unemployment case?
    a. YES, not taken into consideration

2) Was [Claimant's] romantic partner diagnoses with cancer in 2022, causing him to spend most of his time outside of work, at her residence, an hour away from his place of residence?

4

Specifically, Claimant argues that the untimeliness of his appeal should be excused because: (1) he was not residing at the address to which the notifications of developments in his UC case were sent and he had informed Department authorities of this fact; (2) Department personnel had informed him via telephone in mid-October 2022 that no action was required regarding the timeliness of his appeal; and (3) he requested that all notifications regarding his UC case be transmitted to him via telephone or email. *See* Claimant's Br. at 8-10.[7] Claimant is not entitled to relief.

Section 502 of the UC Law provides that a referee's decision becomes a final decision of the Board "unless an appeal is filed therefrom, no later than

> a. YES, not taken into consideration
>
> 3) Did [Claimant] request, on multiple phone conversations with PA [UC] officials, to be informed of hearings/proceedings via phone or email, as he was only returning home once a month to gather mail and catch up on yard work and was repeatedly locked out of his Unemployment account due to security breaches?
> a. YES, not taken into consideration
>
> 4) Did [Claimant] inform [the Board] that he has substantial information and testimony contradicting the misleading testimony presented by former employer/witness [sic] at the Referee hearing concerning this case?
> a. YES, not taken into consideration
>
> 5) Was the last day to file an appeal (as noted on [the Board L]etter in decision discussion) April 20, 2022?
> a. No, the correct date, according to their determination, was August 17, 2022

Claimant's Br. at 5.

[7] We observe that the remainder of the Argument portion of Claimant's brief consists not of argument regarding the timeliness of his appeal, but instead substantive arguments in reference to his underlying compensation claim, which arguments we need not address herein. *See* Claimant's Br. at 10-13.

twenty-one days after the 'Decision Date' provided on such decision. . . ." 43 P.S. § 822; *see also* 34 Pa. Code § 101.82(a).[8]  This 21-day time limitation is mandatory; if an appeal of a referee's decision is not filed within the specified time period, the determination becomes final and the Board lacks jurisdiction to consider the matter on appeal.  *See UGI Utils., Inc. v. Unemployment Comp. Bd. of Rev.*, 776 A.2d 344, 347 (Pa. Cmwlth. 2001); *see also Dumberth v. Unemployment Comp. Bd. of Rev.*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003) ("Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action.").  This Court has held:

> Notices . . . to unemployment claimants which state the last day to file an appeal therefrom and which are properly addressed and not returned by the postal authorities are presumed to be received, and a claimant's appeal which is not filed within fifteen calendar days[9] after notice of the action was mailed to a claimant's last known address is not timely filed.  Without proof of fraud or its equivalent, there is a presumption of regularity of the acts of public officials such as [UC] authorities.  Because appeal provisions of the [UC] Law are mandatory, claimants carry a heavy burden to justify untimely appeals and, absent proof of fraud, cannot prevail.  Something more than mere hardship is necessary to justify an extension of time, or its equivalent allowance of the act *nunc pro tunc*.  Exceptions have been recognized, for example, where the presence of fraud or its

---

[8] Department regulations likewise provide that "[a] party seeking to appeal a Department determination shall file an appeal in the form and manner specified in § 101.81 (relating to filing of appeal from determination of Department) and this section no later than 21 days after the 'determination date' on the determination."  34 Pa. Code § 101.82(a).

[9] Prior to the enactment of the current version of 43 P.S. § 822 on July 24, 2021, claimants had only 15 days during which to timely appeal a referee's decision.  *See* former 43 P.S. § 822.

6

equivalent is shown, or where a person is misled by an authorized official.

*Duhigg v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1, 5 (Pa. Cmwlth. 2017) (quoting *Ferraro v. Unemployment Comp. Bd. of Rev.*, 464 A.2d 697, 698-99 (Pa. Cmwlth. 1983)) (internal brackets omitted).

In cases where a facially late appeal is filed, the Board's regulations provide as follows:

> If an appeal from a decision of the Department or an application for further appeal appears to have been filed beyond the applicable time limit, the tribunal shall advise the appealing party in writing that it appears not to have jurisdiction because of the late filing, and that the appeal or application for further appeal will be dismissed without a hearing unless the appealing party notifies the tribunal in writing within the succeeding 15 days from the date of such notice, that he contends the appeal or application for further appeal was timely filed and that he desires a hearing.

34 Pa. Code § 101.61(a). The regulations further provide that "[i]f no reply from the appealing party is received within the 15-day period, or if the appealing party does not request a hearing, the tribunal shall dismiss the appeal or application for further appeal." *Id.* As with the new 21-day appeal period, where a UC claimant fails to request a hearing on the issue of timeliness within 15 days of the required written notification from the Board regarding the necessity to do so, the Board is without jurisdiction to further consider the matter under Section 502 of the UC Law and is precluded from considering the facts underlying the timeliness of the appeal. *See Han v. Unemployment Comp. Bd. of Rev.*, 42 A.3d 1155, 1158 (Pa. Cmwlth. 2012).

7

These required procedures were followed in the instant case. The Referee's Decision provided Claimant with appeal information, including the final day upon which he could timely appeal – August 17, 2022. Claimant conceded that this notification was sent to his home, but explained that he did not open the mailed notification until August 29, 2022, because he had been away from his home for more than a month attending to his ill girlfriend. *See* Claimant's Email.[10] Claimant ultimately did not file Claimant's Appeal (and send Claimant's Email) until August 29, 2022, the same day he claimed to have opened his mail.

Upon receipt of Claimant's facially untimely appeal, the Board sent the Board Letter informing Claimant of the requirement that he request a hearing within 15 days to argue the timeliness issue, which the Board Letter explained must be decided before the Board could reach the merits of the underlying UC claim. *See* Board Letter. The Board Letter provided a date by which Claimant needed to request such a hearing. *See id.* Claimant did not timely respond as directed.

Claimant's explanations for his failure to comply with these requirements to appeal the Referee's Decision do not afford him relief. A claimant's own negligence and lack of thoroughness in reading communications from the Board will not excuse late filing. *See Constantini v. Unemployment Comp. Bd. of Rev.*, 173 A.3d 838, 845-46 (Pa. Cmwlth. 2017) (finding no justification for claimant's untimely appeal of the Department's denial of [UC] benefits where it was "clearly attributable to [c]laimant's *own* negligence"). As this Court has observed,

---

[10] Claimant also claimed to have missed the Referee's July 25, 2022 hearing because, at that time of the hearing, he had been on a pre-paid vacation in North Carolina without cell phone reception. *See* Claimant's Email.

> [i]f there is evidence in the record that the determination of the [Department] was mailed to the claimant's last known address, and that the notice was not returned to the [Department] by the postal officials as undeliverable, then there is a presumption of the regularity of administrative acts of public officials which the referee may invoke in reaching a determination that the claimant did have proper notice.

*Gaskins v. Unemployment Comp. Bd. of Rev.*, 429 A.2d 138, 140 (Pa. Cmwlth. 1981). This Court has found that a failure to update a mailing address or forward mail to a new address does not excuse a claimant's failure to timely file an appeal. *See Duhigg*, 181 A.3d at 5 (holding that failure to notify Department of address change or forward mail amounts to claimant's own negligence, not administrative breakdown, and does not excuse failure to file a timely appeal); *see also Maloy v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1009 C.D. 2015, filed Apr. 13, 2016),[11] slip op. at 2 (finding claimant's failure to forward mail after moving did not excuse failure to file a timely appeal); *S.L., Jr. v. Dep't of Pub. Welfare* (Pa. Cmwlth., No. 2190 C.D. 2014, filed Sept. 3, 2015), slip op. at 6 (denying *nunc pro tunc* relief where delay was attributable to claimant's failure to advise of address change or forward mail). Thus, Claimant's failure to retrieve his mail during the pendency of his UC case at the address he himself describes as "his legal residence"[12] amounts to Claimant's own negligence and cannot excuse his failure to timely file his appeal and/or otherwise respond as advised in notifications sent to that address. *See Constantini*.

---

[11] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

[12] *See* Claimant's Br. at 8.

Further, Claimant's claim that Department personnel assured him during telephone conversations that he need do nothing regarding his appeal and/or the timeliness issue is unavailing. Such unsupported statements are wholly contradicted by the written documentation forwarded to Claimant at his mailing address pursuant to the requirements of the UC Law and the Board's regulations, which expressly notified Claimant of the formal requirements for an appeal of the timeliness issue.

Likewise, we cannot agree that Claimant is excused from the UC Law's time limits for filing required documents by virtue of purportedly having asked Department personnel to notify him of developments in his UC case by way of telephone or email. *See* Claimant's Br. at 8; Claimant's Email.[13] While Department regulations do allow a party to designate that the Department transmit determinations electronically,[14] Claimant did not illustrate that any such request was made in the instant matter. Further, even if Section 101.82(a.1) of the Department's regulations could be construed to permit a party to direct the transmission of scheduling change notifications in addition to Departmental determinations by telephone,[15] nothing in the record beyond Claimant's unconfirmed statements documents any prior request made by Claimant that the Department notify him of developments in any way other than by mail. Additionally, to the extent Claimant

---

[13] Claimant's brief refers to a request that he "be kept informed via email and phone." Claimant's Br. at 8. Claimant's Email refers to a request that Claimant be notified via telephone of any rescheduled Referee hearing. *See* Claimant's Email.

[14] *See* 34 Pa. Code § 101.82(a.1) "(The Department will mail a copy of the determination to the party's last known post office address or transmit it electronically, as designated by the party.")

[15] We observe that a party's ability to designate a mode of service pertains only to the transmission of "Departmental determinations." *See* 34 Pa. Code § 101.82(a.1).

10

advised at the end of Claimant's Email that he "can best be reached via email or phone[,]" this explanatory statement cannot be construed as a designation that the Department transmit its decisions or notifications to Claimant electronically pursuant to 34 Pa. Code § 101.82(a.1). *Id.*

Even if Claimant's Email could be construed as a formal request pursuant to Section 101.82(a.1) that the Department forward notifications via email or telephone, we observe that, at the time Claimant sent Claimant's Email to the Department explaining his circumstances, the time period during which he could have timely appealed the Referee's Decision had already expired. Claimant conceded that he missed the notification of his appeal deadline contained in the Referee's Decision because he did not timely collect mail delivered to his home. *See* Claimant's Email. Even if Claimant could have based a request for alternative service of documents on the explanations contained in Claimant's Email, he could not have done so retroactively, after his appeal deadline passed.

While we sympathize with Claimant's personal circumstances, the deadlines mandated by the UC Law are jurisdictional in nature and must be followed accordingly. *See UGI Utils.* That his regrettable extenuating circumstances may have hampered Claimant in consistently returning to his residence to collect his mail changes neither the Department's nor Claimant's obligations. It was Claimant's responsibility to designate, in writing, an alternate mailing address if he was not going to be present at his residence to receive mail, or to have that mail forwarded to him at an address where it would be received. *Duhigg.* Claimant did not do so, nor did he respond thereafter to the Board Letter informing him of the requirement that he file a written request for a hearing within 15 days to argue the timeliness issue.

11

For the above reasons, we affirm the Board Order.


_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn J. Mantz,                   :
               Petitioner    :
                        :
        v.                 :
                        :
Unemployment Compensation   :
Board of Review,           :   No. 185 C.D. 2023
             Respondent  :

# **O R D E R**

AND NOW, this 5th day of June, 2024, the December 22, 2022 order of the Unemployment Compensation Review Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge