# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tina Duhigg, : 
                Petitioner : 
                        : No. 412 C.D. 2017
         v. : 
                        : Submitted: October 6, 2017
Unemployment Compensation : 
Board of Review, : 
                Respondent : 

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                  FILED: December 13, 2017

        Tina Duhigg (Claimant) petitions for review of the February 2, 2017 order of the Unemployment Compensation Board of Review (Board) which vacated a referee's decision and order, and dismissed Claimant's appeal from the October 22, 2015 determinations of the Pennsylvania Department of Labor and Industry (Department) as untimely filed under section 501(e) of Pennsylvania's Unemployment Compensation Law (Law).[1]

---

[1] Section 501(e) of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e).

## Facts and Procedural History

Claimant worked part time for Holcomb Behavioral Health System. Effective August 1, 2010, Claimant filed an application for unemployment compensation benefits. (Reproduced Record (R.R.) at Item No. 19, Board's Finding of Fact (F.F.) No. 1.)[2] In the application, Claimant provided her address as 1411 West Broad Street, Apartment 2W, Bethlehem, Pennsylvania. (F.F. No. 1.) In December 2011, Claimant relocated, and she admits that she failed to promptly notify the Department of her change in address. (F.F. No. 2.) Claimant communicated with the Department in October 2013, but again failed to update her address at that time. (F.F. No. 3.) As of the date this matter was submitted to the Court, Claimant resides at 911 Spring Street in Bethlehem, Pennsylvania.

On October 22, 2015, the Department issued four determinations regarding Claimant's eligibility for unemployment compensation benefits; three of those determinations adjusted Claimant's weekly benefit allowance, and the fourth determination established a fault overpayment of $902.00. (F.F. No. 5.) The Department mailed the determinations to Claimant's West Broad Street address, which was her last-known address.[3] *Id.* The determinations established November 6, 2015, as the deadline by which to file an appeal. (F.F. No. 7.)

Claimant did not receive the four determinations. (F.F. No. 6.) She did not file an appeal by the November 6, 2015 deadline. On or about April 7, 2016,

---

[2] All references to the Board's Findings of Fact in this opinion refer to those made in the Board's February 2, 2017 decision and order.

[3] The record neither indicates by what means the determinations were mailed to Claimant, nor that this mail was returned to the Department as undeliverable.

2

Claimant received a letter regarding the fault overpayment.[4]  (F.F. No. 8.) Subsequently, on May 18, 2016, Claimant filed an appeal of the Department's determinations.  (F.F. No. 9.)

After a hearing on July 25, 2016, the referee issued a decision and order dated July 28, 2016,[5] which granted Claimant unemployment compensation benefits for certain claim weeks and established a fault overpayment in the amount of $902.00 pursuant to section 804(a) of the Law.[6]  (R.R. at Item No. 13.)  Claimant timely appealed the referee's decision and requested a remand hearing.  (R.R. at Item No. 14.)

On September 9, 2016, the Board issued its decision and order vacating the referee's July 28, 2016 order and dismissing Claimant's appeal from the Department's determinations.[7]  (R.R. at Item No. 17.)  Claimant appealed the Board's September 9, 2016 decision to this Court, asserting that the Board's Finding of Fact

---

[4] While Claimant acknowledges that she received the Department's letter regarding the fault overpayment, the record is devoid of any information regarding the address to which that letter was mailed and, if mailed to Claimant's Spring Street address, how the Department became aware of that address in April 2016.

[5] The referee initially held a hearing on June 15, 2016.  The referee continued that hearing to provide Claimant with an opportunity to review her records and compare them to the documentation provided by her employer.

[6] The referee granted Claimant benefits under sections 401, 4(u), and 404(d) of the Law, 43 P.S. §§801, 743(u), and 804(d), for the claim weeks ending on January 1, 2011; January 29, 2011; February 5, 2011; February 19, 2011; March 12, 2011; March 19, 2011; April 2, 2011; April 16, 2011; April 30, 2011; May 21, 2011; and May 28, 2011.  (Referee's decision at 2.)

[7] The Board previously issued an order dated August 25, 2016, which vacated the referee's July 28, 2016 decision, finding that the referee failed to address the timeliness of Claimant's appeal. (R.R. at Item No. 16.)  The Board's September 9, 2016 order vacated that August 25, 2016 order, explaining that "the Board inadvertently overlooked that the referee had already held a hearing on the timeliness of [C]laimant's appeal."  (R.R. at Item No. 17.)

No. 2 erroneously stated when and where she relocated.[8] While Claimant's appeal was pending before this Court,[9] the Board filed an application for remand, admitting that the record did not support Finding of Fact No. 2 as written and asking us to remit the appeal to the Board for further consideration. We issued an order dated January 6, 2017, granting the application and remanding the appeal to the Board. (R.R. at Item No. 18.)

On February 2, 2017, the Board issued its decision and order vacating the referee's July 28, 2016 order and dismissing Claimant's appeal from the Department's determinations.[10] In that decision, the Board found that "[i]n December 2011, [] [C]laimant relocated from West Broad Street, but did not promptly notify the Department of her new address." (F.F. No. 2.)

Claimant timely appealed the Board's February 2, 2017 decision to this Court.

## Discussion

On appeal,[11] Claimant argues that: (1) the Board erred in its reliance upon inaccurate information regarding Claimant's address; and (2) Claimant's failure to file a timely appeal was a result of a breakdown in the administrative process.

---

[8] Finding of Fact No. 2 stated, "In December 2011, [] [C]laimant relocated to 911 Spring Street, Bethlehem, Pennsylvania, but did not promptly notify the Department of her new address." (R.R. at Item No. 17.)

[9] *See* No. 1685 C.D. 2016.

[10] The February 2, 2017 decision and order also vacated the Board's September 9, 2016 decision and order.

[11] On appeal, our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, and whether findings of fact are supported

We begin with Claimant's argument regarding the timeliness of her appeal. Section 501(e) of the Law provides:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. §821(e). "This fifteen-day time limit is mandatory; if an appeal is not timely filed within the specified time period, the determination becomes final, and the Board does not have the requisite jurisdiction to consider the matter." *McClean v. Unemployment Compensation Board of Review*, 908 A.2d 956, 959 (Pa. Cmwlth. 2006) (citation and internal quotation marks omitted). In certain instances, this limitation can be waived if a claimant "presents adequate excuse for his delay; however, the claimant carries a heavy burden in such cases and is required to prove more than mere hardship . . . ." *Staten v. Unemployment Compensation Board of Review*, 488 A.2d 1207, 1209 (Pa. Cmwlth. 1985). If the claimant meets that burden, a *nunc pro tunc* appeal may be allowed if there are "extraordinary circumstances involving fraud or some breakdown in the administrative process caused by the delay in filing." *McClean*, 908 A.2d 959.

Our Supreme Court has explained that an administrative breakdown occurs "where an administrative board or body is negligent, acts improperly or

---

by substantial evidence. *Torres-Bobe v. Unemployment Compensation Board of Review*, 125 A.3d 122, 126 n.3 (Pa. Cmwlth. 2015).

5

unintentionally misleads a party." *Union Electric Corp. v. Board of Property Assessment*, 746 A.2d 581, 584 (Pa. 2000).

In this case, Claimant alleges that an administrative breakdown occurred because the Department mailed the determinations to the wrong address. The Board found that Claimant relocated from her West Broad Street address in December 2011. (Finding of Fact No. 2.) Claimant disputes this finding and contends that she resided at that address from June 2006 through December 2012, at which time she moved to the Westgate Street address. (Petition for Review at 2.) However, Claimant's testimony at the June 15, 2016 hearing before the referee suggests otherwise. At that hearing, Claimant expressly testified that she had not lived at the Broad Street address since December 2011. (R.R. at Item No. 10, Notes of Testimony (N.T), 6/5/16, at 4.) Therefore, based upon Claimant's own testimony, we cannot find that the Board erred in finding that she relocated from the West Broad Street address in 2011.

Regardless of when Claimant moved from her Westgate Street address to another location, she bore the responsibility of notifying the Department of her change in address at the time it occurred. It is undisputed that, at the time the determinations were issued, Claimant had not notified the Department of her change in address. This Court has held:

> Notices . . . to unemployment claimants which state the last day to file an appeal therefrom and which are properly addressed and not returned by the postal authorities are presumed to be received, and a claimant's appeal which is not filed within fifteen calendar days after notice of the action was mailed to a claimant's last known address is not timely filed. Without proof of fraud or its equivalent, there is a presumption of regularity of the acts of public officials such as unemployment compensation authorities. Because appeal provisions of [the] Law are mandatory, claimants carry a heavy burden to justify untimely appeals and, absent proof

6

of fraud, cannot prevail. Something more than mere hardship is necessary to justify an extension of time, or its equivalent allowance of the act *nunc pro tunc*. Exceptions have been recognized, for example, where the presence of fraud or its equivalent is shown, or where a person is misled by an authorized official.

*Ferraro v. Unemployment Compensation Board of Review*, 464 A.2d 697, 698-99 (Pa. Cwmlth. 1983) (internal citations omitted).

Here, the untimeliness of Claimant's appeal resulted from her own failure to notify the Department of her changed address. We also note that no evidence of record exists to suggest that Claimant notified the United States Postal Service of her relocation to take advantage of its mail forwarding services. The record fails to reveal any fraud, misrepresentation, or neglect of the Department; therefore, the untimeliness of Claimant's appeal was not caused by a breakdown of the administrative process, and *nunc pro tunc* relief is not appropriate in this case.

## Conclusion

In light of Claimant's failure to notify the Department of her change in address, and due to the lack of any evidence of fraud, misrepresentation, or neglect by the Department, we cannot conclude that the Board erred in dismissing Claimant's appeal from the Department's determinations as untimely.

Accordingly, the Board's order is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tina Duhigg, :
          Petitioner :
           : No. 412 C.D. 2017
          v. :
           :
Unemployment Compensation :
Board of Review, :
          Respondent :

## ***ORDER***

AND NOW, this 13th day of December, 2017, the order of the Unemployment Compensation Board of Review dated February 2, 2017, is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge