# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicole Dubose,                        :
                    Petitioner        :
                                      :
          v.                          :    No. 703 C.D. 2018
                                      :    Submitted: September 14, 2018
Unemployment Compensation             :
Board of Review,                      :
                    Respondent        :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ELLEN CEISLER, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED: October 3, 2018**


Nicole Dubose (Claimant), pro se, petitions for review of an April 23, 2018 Order of the Unemployment Compensation (UC) Board of Review (Board) that affirmed a Referee's Decision dismissing Claimant's appeal as untimely pursuant to Section 501(e) of the UC Law (Law), 43 P.S. § 821(e).[1] On appeal, Claimant argues that the Board erred when it refused to consider her appeal *nunc pro tunc* because the late filing of the appeal was due to non-negligent circumstances or a breakdown in the administrative process. Specifically, she claims she was originally provided with the incorrect address to send her appeal. Based on the Board's credibility determinations, we are constrained to affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e) (providing for a 15-day appeal period before a notice of determination is deemed final).

Claimant filed an application for UC benefits, which was denied by the Local UC Service Center (Service Center) on the basis that Claimant was financially ineligible. (Notice of Financial Determination, Record (R.) Item 3.) The Notice of Financial Determination was mailed on September 27, 2017. The letter stated Claimant had until October 12, 2017, to appeal the determination, which is consistent with Section 501(e) of the Law. Because the Service Center did not receive Claimant's appeal until December 7, 2017, it deemed it untimely.

Claimant testified at a hearing before the Referee as to the timeliness issue that she called the Service Center and was told to send proof of her receipt of workers' compensation benefits, which may have rendered her financially eligible. Claimant testified she did so on October 10, 2017, via certified mail to an address provided by a Service Center representative. Claimant testified she could not find the certified mail receipt. According to Claimant, she periodically checked the status of her claim online and, after not receiving benefits, eventually called the Service Center in December 2017, at which time she learned her documentation was not received. She then submitted the documentation again via fax on December 7, 2017.

The Referee found the only documentary evidence of record showed Claimant's appeal was filed on December 7, 2017. Because it was untimely, the Referee dismissed Claimant's appeal.

Claimant appealed to the Board, which made the following findings of fact:

1. On September 27, 2017, the Department of Labor and Industry (Department) issued a Notice of Financial Determination (determination) finding the claimant not financially eligible.

2. The claimant received the determination.

3. The [determination] informed the claimant that October 12, 2017, was the last day on which to file an appeal from this determination.

4. The claimant filed an appeal on December 7, 2017.

5. There is no evidence that the claimant was misinformed or misled by the unemployment compensation authorities regarding her right or the necessity to appeal.

(Board Decision at 1.)

In its discussion, the Board noted Claimant's argument that she was provided the wrong address by a Service Center representative, but, importantly, did not credit this testimony. (*Id.* at 2.) As a result, it deemed December 7, 2017, as the filing date. (*Id.*) The Board further stated that "the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct," which would have excused noncompliance with the statutory appeal period. (*Id.*) Accordingly, it affirmed the Referee's dismissal of the appeal as untimely.

Claimant now petitions this Court for review of the Board's Order.[2] On appeal, Claimant argues she is entitled to *nunc pro tunc* relief because she first sent her appeal on October 10, 2017, but a Service Center representative gave her an incorrect address. Therefore, the late filing, she claims, is not the result of her negligence, but that of the Service Center representative. The Board responds that Claimant failed to establish a basis for relief *nunc pro tunc*. In particular, it notes

---

[2] "Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

3

that Claimant's testimony that she was provided the incorrect address was not credited. Accordingly, the Board argues, she is not entitled to *nunc pro tunc* relief.

Section 501(e) of the Law sets forth the time limit for an appeal from a determination. It states:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e). The failure to file an appeal within the requisite 15-day time period deprives the Board of jurisdiction over the matter and the determination becomes final. *Dumberth v. Unemployment Comp. Bd. of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003). Limited circumstances exist in which an untimely appeal may be considered. *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). These include cases involving fraud, a breakdown in the administrative process, or when there is a "non-negligent failure to file a timely appeal which was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal." *Bass v. Commonwealth*, 401 A.2d 1133, 1135-36 (Pa. 1979); *see also Duhigg v. Unemployment Comp. Bd. of Review*, 181 A.3d 1, 4 (Pa. Cmwlth. 2017). Claimant argues that being provided the wrong address constituted a breakdown in the administrative process.

4

Claimant's argument on appeal centers on her testimony that a Service Center representative provided her with the wrong address to send her appeal. As support that she timely appealed, she points to a letter dated October 10, 2017, which she included with her December 7, 2017 correspondence. The letter was addressed to the Service Center but did not include any street address. (R. Item 4, Service Center Ex. 2b.) She claims the address on the letter is the address the Service Center representative provided. Because she was given an incomplete address, she asserts her original appeal, which would have been timely, was not received.

However, the Board did not credit Claimant's testimony. (Board Decision at 2.) Nor did Claimant provide a receipt or certificate of mailing to support her statement that she mailed her appeal to the wrong address.[3] It is well established that the Board is the ultimate fact finder. *Walsh v. Unemployment Comp. Bd. of Review*, 943 A.2d 363, 368 (Pa. Cmwlth. 2008). As such, it "is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence." *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). In essence, on appeal Claimant is challenging the Board's determination not to credit her testimony that she timely mailed the letter but to the incorrect address provided by the Service Center representative. As stated above, this Court is without authority to reweigh the evidence or overturn the Board's credibility determinations. *Chartiers Cmty. Mental Health & Retardation Ctr. v. Unemployment Comp. Bd. of Review*, 134 A.3d 1165, 1173 (Pa. Cmwlth. 2016). "The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory." *Hessou*, 942 A.2d at 198. Because the Board did not credit the testimony of

[3] We note that the Notice of Financial Determination, which advised Claimant of her right to appeal, included the full street address for the Service Center.

5

Claimant, there was no credited evidence showing a breakdown in the administrative process. Thus, Claimant has not satisfied her heavy burden to establish that she is entitled to *nunc pro tunc* relief.

Accordingly, we must affirm the Board's dismissal of Claimant's appeal as untimely under Section 501(e) of the Law.

 

 

_____

**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicole Dubose, : 
                    Petitioner : 
                           : 
              v. :   No. 703 C.D. 2018
                          : 
Unemployment Compensation : 
Board of Review, : 
                Respondent : 

## **O R D E R**

NOW, October 3, 2018, the Order of the Unemployment Compensation Board of Review dated April 23, 2018, is **AFFIRMED.**

_____
**RENÉE COHN JUBELIRER,** Judge