## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tiffany S. Hall, : 
                Petitioner : 
                 : 
          v. : 
                 : 
Unemployment Compensation : 
Board of Review, :   No. 938 C.D. 2018
                Respondent :   Submitted: April 9, 2019


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge (P.)
                HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                     FILED: April 25, 2019

Tiffany Hall (Claimant) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) June 20, 2018 order affirming the Referee's order dismissing Claimant's appeal as untimely. The sole issue before the Court is whether Claimant's appeal was untimely under Section 501(e) of the UC Law (Law).[1] After review, we affirm.

On November 8, 2017, the Department of Labor and Industry (Department) issued two determinations: (1) denying Claimant UC benefits; and (2) establishing a $9,672.00 fault overpayment (Determinations). The Determinations notified Claimant that November 27, 2017 was the final day to file an appeal from the Determinations to a Referee. Claimant drafted an appeal from the Determinations, but set it aside without mailing it because she was grieving the death of her father, who had passed in early November 2017. On December 1, 2017, the Department

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

sent Claimant an overpayment billing statement. On January 2, 2018, the Department sent Claimant a second overpayment billing statement. Claimant appealed from the Determinations on January 12, 2018. A Referee hearing was held on February 20, 2018. On February 22, 2018, the Referee dismissed Claimant's appeal as untimely. Claimant appealed to the UCBR. On June 20, 2018, the UCBR affirmed the Referee's decision. Claimant appealed to this Court.[2]

> Initially,
>
> [f]ailure to file a timely appeal as required by Section 501(e) of the Law is a jurisdictional defect. The time limit for a statutory appeal is mandatory; it may not be extended as a matter of grace or indulgence. To justify an exception to the appeal deadline, [a c]laimant must demonstrate that h[er] delay resulted from extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances relating to [the c]laimant h[er]self. This is an extremely heavy burden.

*Carney v. Unemployment Comp. Bd. of Review*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018) (citations omitted).

Claimant first argues that her delay was caused by a breakdown in the administrative process. "Our Supreme Court has explained that an administrative breakdown occurs 'where an administrative board or body is negligent, acts improperly or unintentionally misleads a party.' *Union Elec*[.] *Corp. v.* [*Bd.*] *of Prop*[.] *Assessment*, . . . 746 A.2d 581, 584 ([Pa.] 2000)." *Duhigg v. Unemployment Comp. Bd. of Review*, 181 A.3d 1, 4 (Pa. Cmwlth. 2017).

Here, Claimant alleges that an administrative breakdown occurred because she did not receive her first Notice of Fault Overpayment (Notice) until 11

---

[2] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

months after her first UC payment, and she did not receive her second Notice until 5 months after receiving her last payment.[3] Notwithstanding, Claimant testified:

> R[eferee] Okay. So, there's no question that you did get [crosstalk] – there's no question that you did get it when -- when it was issued, and they have your correct address; it wasn't – it wasn't bounced by the post office or anything --
>
> C[laimant] **I did receive it**; **I was just dealing with a lot** –

Notes of Testimony, February 20, 2018 (N.T.) at 6 (emphasis added). Claimant continued:

> R[eferee] Okay, I -- I understand. Okay, I'm clear on everything now. I have no other questions to ask you, then. Is there anything else about the timeliness of your [a]ppeal that you wanted to make mention of?
>
> C[laimant] Well, I -- I actually don't. I just, you know, **apologies** [sic] **for sending it late**. You know, again, **I was going through something**. I still just didn't understand why I was even ineligible for [UC] when they approved me for it from the beginning, and I was on it, and I reported to all my WORKNET trainings and everything I had to do until I was able to get a job, and then, I made it on record that I found a job, so, I didn't understand why they would even say that I -- I owed anything, because I was legitimately on [UC] through the job.

N.T. at 7 (emphasis added). Contrary to Claimant's contention, the record evidence clearly reveals that Claimant's delay in filing her appeal did not "result[] from

---

[3] The UCBR rejoins that Claimant waived this argument by not raising it before the UCBR. *See* UCBR Br. "To preserve an issue for the [UCBR's] review, a claimant must provide '*some* indication, however inartfully stated, of precisely what error(s) occurred and where the tribunal should focus its attention.' *Merida v. Unemployment Comp*[.] [*Bd.*] *of Review*, . . . 543 A.2d 593, 595 ([Pa. Cmwlth.] 1988)." *Chartiers Cmty. Mental Health & Retardation Ctr. v. Unemployment Comp. Bd. of Review*, 134 A.3d 1165, 1172 (Pa. Cmwlth. 2016). Here, in her appeal from the Referee's decision, Claimant questioned receiving an overpayment determination after having received UC payments on a consistent basis. Although Claimant did not use the terms breakdown in administrative process, in an abundance of caution, this Court will address the issue herein.

extraordinary circumstances involving . . . a breakdown in the administrative process[.]" *Carney*, 181 A.3d at 1288. Rather, Claimant filed her appeal late because she "was going through something." N.T. at 7. Accordingly, Claimant's argument is without merit.

Claimant next asserts that the delay was caused by her grief over her father's death, which constitutes a non-negligent circumstance justifying her delay. This Court has explained:

> **The pressure of life events is likewise insufficient to excuse an untimely appeal**. This Court consistently rejects such excuses. *See, e.g., Constantini v. Unemployment Comp. Bd. of Review*, 173 A.3d 838 (Pa. Cmwlth. 2017), (claimant dealing with several ongoing legal issues, repairing and securing home computer network after a malware virus attack, recovering data information lost from wireless devices due to the virus, and medical emergency appointments during the time period prior to the appeal deadline); *Maloy v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 1009 C.D. 2015, filed April 13, 2016) . . . (unreported) (**claimant dealing with brother's death**, moving, and caring for daughter and sick mother); *Burgher v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 1929 C.D. 2014, filed July 7, 2015) . . . (unreported) (claimant dealing with anxiety and stress from layoff); *Rabe v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 1785 C.D. 2013, filed February 24, 2014) . . . (unreported) (claimant dealing with financial stress and multiple pending court cases); *Menges v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 2230 C.D. 2009, filed April 22, 2010) . . . (unreported) (**claimant dealing with a death in the family** and lingering effects of a medical condition). We cite these decisions as persuasive. *See* 210 Pa. Code § 69.414(a).

*Carney*, 181 A.3d at 1288 (emphasis added).[4]

---

[4] Claimant maintains that *Maloy* and *Menges* are distinguishable because the claimants therein did not claim that the family member's death prevented them from filing the appeal within 15 days. The Court disagrees. The *Maloy* Court expressly stated: "We understand [the c]laimant's argument on appeal to be that her loss of housing, which resulted from her lack of income,

Here, the UCBR opined:

> [C]laimant testified her appeal was late because she was grieving her father's recent death. Such circumstances may justify a late appeal, but not here. [] [C]laimant admitted that she drafted an appeal, but did not send it. If [] [C]laimant had the wherewithal to draft an appeal, despite grieving, it seems reasonable that she could also send that drafted appeal.
>
> Even if [] [C]laimant's circumstances justified an extension to file an appeal, that extension is not indefinite. [] [C]laimant waited nearly two months to file an appeal, during which she was sent two billing statements for the overpayment. This unexplained delay negates whatever justification [] [C]laimant had for a late appeal.

UCBR Dec. at 2. This Court discerns no error in the UCBR's analysis.

While this Court sympathizes with Claimant in the loss of her parent, as the UCBR correctly determined, the facts in this case do not constitute a "non-negligent circumstance" which "justif[ies] an exception to the appeal deadline[.]" *Carney*, 181 A.3d at 1288. Grieving is a "pressure of life event[] . . . insufficient [here] to excuse [Claimant's] untimely appeal." *Id.* Accordingly, the UCBR properly affirmed the Referee's determination that Claimant's appeal was untimely under Section 501(e) of the Law.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

---

**compounded by the death of her brother** in August, 2014, led to stress which should constitute a non-negligent circumstance that excuses her untimely appeal." *Id.*, slip op. at 7 (emphasis added). The *Menges* Court related: "[**c**]**laimant asserts she was under stress at the time of hearing due to a death in the family** and the lingering effects of a condition for which she was hospitalized until late April, 2009[.]" *Id.*, slip op. at 8 (emphasis added).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tiffany S. Hall,       :
    Petitioner    :
           :
    v.       :
           :
Unemployment Compensation :
Board of Review,     :  No. 938 C.D. 2018
    Respondent  :

## O R D E R

AND NOW, this 25th day of April, 2019, the Unemployment Compensation Board of Review's June 20, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge