IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harrison Richards, :
          Petitioner :
 : No. 327 C.D. 2019
     v. :
 : Submitted: August 23, 2019
Unemployment Compensation :
Board of Review, :
          Respondent :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH               FILED: October 18, 2019

Harrison Richards (Claimant) petitions, *pro se*, for review of the January 18, 2019 order of the Unemployment Compensation Board of Review (Board) dismissing his appeal as untimely pursuant to section 501(e) of the Unemployment Compensation Law (Law).[1] Upon review, we affirm.

Following his termination from employment with GS Solutions, Inc. (Employer), Claimant applied for unemployment compensation (UC) benefits. (Certified Record (C.R.) at Item Nos. 1, 9.) On July 30, 2018, the local service center issued a notice of determination finding that Claimant voluntarily quit his job for unknown reasons and that there was insufficient information provided to indicate

---

[1] Section 501(e) of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e). Section 501(e) of the Law requires a claimant to appeal an unemployment compensation notice of determination within 15 days of it being mailed to him. *Id.*

whether Claimant had a necessitous and compelling reason for voluntarily leaving his job. (C.R. at Item No. 9.) Therefore, the local service center denied Claimant UC benefits under section 402(b) of the Law. The notice of determination advised Claimant that he had 15 days, or until August 14, 2018, to file an appeal.[2] *Id.* However, Claimant did not file an appeal from the notice of determination until October 29, 2018, two and a half months after the appeal deadline. (C.R. at Item No. 10.) In his petition for appeal, Claimant stated that the reason for his late appeal was that he moved to another address and never received his mail. *Id.*

A referee conducted a telephone hearing on December 5, 2018, at which only Claimant testified. At the hearing, the referee advised Claimant that she would take evidence on Claimant's reasons for filing a late appeal. (C.R. at Item No. 13, Notes of Testimony (N.T.) at 3-4.) Claimant testified that on June 30, 2018, he moved from his residence on Annin Street in Philadelphia to a new residence on Poplar Street in Philadelphia. (N.T. at 4.) Claimant stated that he did not complete an address forwarding card with the United States Postal Service (USPS). *Id.* He testified that he first became aware of the local service center's notice of determination in late October 2018, when his old roommates, who still lived at his former residence, informed him that he had received several pieces of mail from the UC benefits office. (N.T. at 5.) Claimant stated that his roommates did not tell him about the mail until late October, that he picked up the mail at that time, and that he filed his appeal on October 29, 2018.

---

[2] Contemporaneous to the notice of determination, the local service center also issued a notice of determination of overpayment of benefits. (C.R. at Item No. 9.) This determination also advised Claimant that he had until August 14, 2018, to file an appeal. *Id.*

*Id.* Claimant acknowledged that he did not check for mail at his former residence at any time after moving in June 2018. *Id.*[3]

> After the hearing, the referee made the following findings of fact:
>
> 1. On July 30, 2018, the UC Service Center mailed a Determination to the Claimant's last known mailing address finding the Claimant ineligible for benefits under section 402(b) of the [Law].
>
> 2. On July 30, 2018, the UC Service Center mailed a Determination on Overpayment of Benefits to the Claimant's last known mailing address finding that the Claimant received benefits in the aggregate amount of $1641 to which he was not entitled and ruling the overpayment a fault overpayment under Section 804(a) of the Law.
>
> 3. On July 30, 2018, the UC Service Center mailed a Penalty Determination to the Claimant's last known mailing [address] penalizing the Claimant * [sic] weeks of benefits and $246.15 under Section 801(b) and (c) of the Law[, 43 P.S. §871(b), (c)].
>
> 4. Each Determination indicated that the last date in which to file an appeal from was August 14, 2018.
>
> 5. The Claimant filed an appeal to Determination via email, and the Claimant's petition for appeal was received on October 29, 2018.
>
> 6. The Claimant was not misinformed or misled with respect to his/her appeal rights.

(Referee Finding of Fact (F.F.) Nos. 1-6.)

---

[3] Additionally, Claimant testified that Employer terminated his employment because it decided to relocate its office to California and that he did not voluntarily quit. (N.T. at 6-8.)

3

The referee noted that under section 501(e) of the Law, a decision made by a local service center is final unless it is appealed within the 15-day appeal period. (Referee decision at 2.) The referee observed that Claimant acknowledged that he moved from the Annin Street address in June 2018, did not file a change of address form with USPS, and did not regularly check his mail after moving from Annin Street. *Id.* The referee also noted that the claim record for the matter indicated that Claimant did not notify the Department of Labor and Industry (Department) of his change in address until October 29, 2018. *Id.* The referee determined that Claimant's appeal was not filed until October 29, 2018, and that there was nothing in the record to indicate that a breakdown in the administrative process or fraud occurred, which would have excused the late filing. *Id.* Accordingly, the referee dismissed the appeal pursuant to section 501(e) of the Law. (Referee decision at 2-3.)

Claimant appealed to the Board. The Board concluded the referee's decision was proper and adopted and incorporated the referee's findings and conclusions. The Board also made the following additional finding of fact: Claimant "moved from his then address of record on June 30, 2018, and did not update the Department with his new address until October 29, 2018, and did not have his mail forwarded by the postal authorities." (Board order at 1.) On appeal, Claimant argued the referee's decision was unjust because he did not voluntarily quit, but instead, was laid off. The Board stated that if Claimant "believed that the determination was in error it was incumbent upon him to file a timely appeal and prove that he was laid off." *Id.* It determined that Claimant "did not file a timely appeal because he did not change his address with the Department after moving and did not have his mail forwarded." *Id.* Because section 501(e) of the Law is a jurisdictional requirement and Claimant's excuse did not justify his timely appeal, the Board affirmed the referee's decision. (Board order at 1.)

4

Claimant now petitions for review of the Board's order,[4] arguing that Employer fraudulently stated that he voluntarily quit, even though he was, in fact, terminated, and that Employer's alleged fraud should supersede his untimely appeal. Claimant acknowledges that the Department sent the notice to his former address at Annin Street, that he moved from that address to Poplar Street on June 30, 2018, that he did not change his address, and that he was first notified about his mail in late October 2018. Claimant asserts that he missed the 15-day appeal period because he moved and did not receive mail from the Department until his former roommates notified him in October 2018. Claimant notes that he changed his address with USPS and the Department at the time of his hearing.

> Section 501(e) of the Law provides as follows:

> Unless the claimant . . . files an appeal with the board, from the determination contained in any notice . . . within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. §821(e). Pennsylvania courts have consistently held that the 15-day appeal period under section 501(e) is mandatory and subject to strict application. *Lin v. Unemployment Compensation Board of Review*, 735 A.2d 697, 699 (Pa. 1999); *Constantini v. Unemployment Compensation Board of Review*, 173 A.3d 838, 844 (Pa. Cmwlth. 2017); *Vereb v. Unemployment Compensation Board of Review*, 676 A.2d

---

[4] Our review of the Board's order "is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

1290, 1292 (Pa. Cmwlth. 1996). If an appeal from a local service center determination is not filed within 15 days of mailing, the determination becomes final and the Board does not have the requisite jurisdiction to consider the matter. *Lin*, 735 A.2d at 699; *Vereb*, 676 A.2d at 1292. "Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence," and even an "appeal filed one day after the expiration of the statutory appeal period must be dismissed as untimely." *Dumberth v. Unemployment Compenation Board of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003).

Nevertheless, an untimely appeal, *i.e.*, an appeal *nunc pro tunc*, may be allowed in limited circumstances. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). The burden to establish the right to a *nunc pro tunc* appeal is a "heavy one because the statutory time limit established for appeals is mandatory." *Id.* A petitioner may only satisfy this heavy burden by demonstrating either (1) "the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct";[5] or (2) "non-negligent conduct beyond his control caused the delay." *Id.* Thus, "[f]ailure to file an appeal within [15] days, without an adequate excuse for the late filing, mandates dismissal of the appeal." *Id.*

Here, as found by the Board and referee,[6] the local service center mailed its notices of determination to Claimant's last known address at Annin Street on June 30, 2018, yet Claimant did not file his appeal until October 29, 2018, two and a half months after the August 14, 2018 appeal deadline. Claimant testified that he moved

---

[5] A so-called "administrative breakdown" occurs where the "administrative board or body is negligent, acts improperly or unintentionally misleads a party." *Duhigg v. Unemployment Compensation Board of Review*, 181 A.3d 1, 4 (Pa. Cmwlth. 2017).

[6] Where, as here, a claimant fails to challenge the Board's factual findings, they are conclusive on appeal. *Campbell v. Unemployment Compensation Board of Review*, 694 A.2d 1167, 1169 (Pa. Cmwlth. 1997).

6

from Annin Street to Poplar Street in late June 2018, that he did not file a change of address form with USPS, and that he did not regularly check for mail at his old residence after moving. He also stated that he only became aware that the notices of determination had been mailed to his former address when his former roommates told him about the mail in late October 2018. Further, as found by the Board and reflected by the record, Claimant did not update his address with the Department until October 29, 2018. *See* Board order at 1; C.R. at Item No. 1.

In *Duhigg v. Unemployment Compensation Board of Review*, we observed that an unemployment compensation claimant bears the responsibility of notifying the Department of a change in address when it occurs. 181 A.3d 1, 5 (Pa. Cmwlth. 2017). We also held that where the untimeliness of an appeal results from a claimant's own failure to notify the Department of a change in address or to take advantage of USPS's mail forwarding services, *nunc pro tunc* relief is inappropriate. *Id.*; *see also*, *Johnson v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1220 C.D. 2017, filed February 23, 2018), slip op. at 6-7 (concluding that a claimant who did not receive a determination because she was not living at home and not collecting her mail did not have good cause for filing a late appeal because "it was [the claimant's] responsibility to collect her mail in a timely manner, even if she was living elsewhere").[7]

Likewise, here, the untimeliness of Claimant's appeal resulted from his failure to provide his new address to the Department, file a change of address form with USPS, and check for mail at his previous residence. Because the record is devoid of any evidence that the Department engaged in "fraudulent behavior or manifestly wrongful or negligent conduct" or that "non-negligent conduct" beyond Claimant's

---

[7] Pursuant to this Court's Internal Operating Procedures, an unreported opinion of the Court filed after January 15, 2008, may be cited for its persuasive value. 210 Pa. Code §69.414(a).

control caused the untimely appeal, a *nunc pro tunc* appeal is unwarranted. *Hessou*, 942 A.2d at 198.[8]  While Claimant argues his late appeal should be excused due to Employer's allegedly fraudulent conduct, because section 501(e) is a jurisdictional requirement and Claimant failed to carry the "heavy burden," *id.*, of establishing a right to an untimely appeal, we are constrained to affirm the order of the Board dismissing Claimant's appeal.

Accordingly, because Claimant's appeal from the notice of determination was untimely, the Board's order is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

---

[8] In his brief, Claimant also argues that after he changed his address with the Department, the Department still sent him mail to his former address, which, according to him, negates the fact that he did not receive his mail after moving, because the Department could have sent him mail to the incorrect address at any point even if he had immediately changed his address after moving. However, because our review of the record reveals that Claimant failed to raise this issue in his appeal to the Board, the issue is waived. *See Lewis v. Unemployment Compensation Board of Review*, 42 A.3d 375, 379 n.8 (Pa. Cmwlth. 2012); *Reading Nursing Center v. Unemployment Compensation Board of Review*, 663 A.2d 270, 275 (Pa. Cmwlth. 1995). Nevertheless, even if Claimant had not waived this issue, we would conclude it is meritless. The record reflects that after Claimant provided his new address to the Department on October 29, 2018, he listed his old address on his untimely petition for appeal from the notice of determination. (C.R. at Item Nos. 1, 10.) As argued by the Board, Claimant's error in providing his old address on the appeal form resulted in the notice of hearing being sent to his old address. (C.R. at Item No. 12.) Therefore, any correspondence being sent to Claimant's old address after he changed his address resulted from Claimant's mistake, rather than any sort of administrative breakdown by the Department. Further, the fact that the Department sent correspondence to Claimant's old address, after he submitted his petition for appeal, does not alter the fact that Claimant's untimely appeal from the notice of determination occurred due to Claimant's failure to update his address with the Department and/or submit a change of address form with USPS until more than two months after his appeal was due.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harrison Richards,                :  
          Petitioner        :  
                      :   No.  327 C.D. 2019  
       v.                  :  
                      :  
Unemployment Compensation  :  
Board of Review,            :  
          Respondent     :

## ***ORDER***

AND NOW, this 18th day of October, 2019, the January 18, 2019 order of the Unemployment Compensation Board of Review is affirmed.

_____  
PATRICIA A. McCULLOUGH, Judge