IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicole Naticchia,               :
                    Petitioner   :
                                 :
        v.                       :    No. 1486 C.D. 2021
                                 :    Submitted: February 3, 2023
Unemployment Compensation        :
Board of Review,                 :
                    Respondent   :

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                    FILED: June 2, 2023

Nicole Naticchia (Claimant), appearing *pro se*, has petitioned this Court
to review the adjudication of the Unemployment Compensation (UC) Board of
Review (Board), which affirmed a Referee's decision that Claimant was ineligible
for unemployment benefits under Section 402(e) of the UC Law (Law).[1] Claimant
untimely petitioned this Court for review. Because we discern no fraud, breakdown
in court operations, or other non-negligent circumstances excusing this untimely
appeal, we quash Claimant's petition for lack of jurisdiction.

## I. BACKGROUND[2]

Claimant worked as a *per diem* employee for Pediatric Specialty Care
(Employer). On March 2, 2020, Employer discharged Claimant for failing to timely

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(e).

[2] Unless stated otherwise, we adopt the factual background for this case from the decision
of the Board, which is supported by substantial evidence of record. *See* Bd. Dec./Order, 5/4/21.

complete its mandatory training. Claimant applied for unemployment benefits, which the UC Service Center denied under Section 402(e) of the Law.[3] Thereafter, Claimant appealed to the Referee. Following a hearing, the Referee reversed the UC Service Center's decision. Employer appealed, and on May 4, 2021, the Board reversed the Referee's order, denying Claimant benefits and finding a recoupable non-fault overpayment of $3,820.[4] On May 16, 2021, Claimant timely filed a request for reconsideration of the Board's decision, which was denied on June 7, 2021.

On December 22, 2021, Claimant submitted a *pro se* letter to this Court indicating her intention to appeal, which she later perfected by filing a petition for review.[5] This Court instructed the parties to address the timeliness of Claimant's appeal in their principal briefs. Cmwlth. Ct. Order, 3/10/22.

Thereafter, Employer filed an application to quash Claimant's appeal as untimely and an application to stay certification of the record pending resolution of its application to quash. Emp.'s Appl. to Quash, 4/15/22; Appl. to Stay, 4/15/22. This Court granted Employer's application to stay. Cmwlth. Ct. Order, 4/20/22. Claimant did not formally respond to Employer's application to quash but sent email correspondence to this Court, stating that she had reached out to the Board numerous times to challenge its decision and even contacted her state Legislator's office. Claimant's Email, 5/9/22 (identified in this Court's docket as "Answer to

---

[3] Section 402(e) of the Law provides that an employee is ineligible for compensation for any week that her unemployment is the result of her discharge from work due to willful misconduct. *See* 43 P.S. § 802(e).

[4] Attached to the Board's decision were explicit appeal instructions, notifying the parties that "[a] petition to the Commonwealth Court may be filed within 30 days of the mailing date of the Board's disposition." Bd. Dec./Order, 5/4/21, at 5.

[5] The Court preserved December 22, 2021, as the date of Claimant's appeal. *See* Cmwlth. Ct. Notice, 12/28/21.

Application to Quash"). Upon review, this Court denied Employer's application to quash without prejudice. Cmwlth. Ct. Order, 6/17/22.

## II. ISSUES[6]

Claimant asserts that she did not commit willful misconduct and should not be responsible for the overpayment. *See* Claimant's Br. at 10-11. Claimant does not address the untimeliness of her appeal. *See generally* Claimant's Br.

Employer responds that Claimant's appeal was untimely and that she has failed to establish fraud or a breakdown in court operations. *See* Emp.'s Br. at 7-11. Thus, according to Employer, Claimant's appeal must be dismissed. *See id.* Alternatively, Employer contends that Claimant's failure to complete the required training constituted willful misconduct that rendered her ineligible for UC benefits. *See id.* at 12-16.

## III. DISCUSSION

In order to appeal a quasi-judicial order, such as an order of the Board, a party must file a petition for review in this Court within 30 days after entry of the order. *See* 42 Pa. C.S. § 5571(b); Pa. R.A.P. 1512(a)(1). "The failure to timely appeal an administrative agency action is a jurisdictional defect." *Radhames v. Tax Rev. Bd.*, 994 A.2d 1170, 1175 (Pa. Cmwlth. 2010). This Court may not enlarge the time for filing a petition for review. *See* Pa. R.A.P. 105(b). Untimely appeals will be quashed by this Court for lack of jurisdiction. *City of Phila. v. Frempong,* 865 A.2d 314, 317 (Pa. Cmwlth. 2005). A *nunc pro tunc* appeal is only warranted upon a showing of extraordinary circumstances showing fraud, an administrative breakdown in the court's procedures, or non-negligent circumstances caused by the

---

[6] Our standard of review is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are supported by substantial evidence. *Smith v. Unemployment Comp. Bd. of Rev.*, 261 A.3d 615, 619 n.6 (Pa. Cmwlth. 2021).

claimant or a third party. *Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 1223, 1229 (Pa. Cmwlth. 2021); *see also Duhigg v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1, 4 (Pa. Cmwlth. 2017) (placing the burden to demonstrate extraordinary circumstances on the petitioner).

Here, the Board issued a decision on May 4, 2021, and Claimant did not appeal this decision until December 22, 2021, more than seven months later.[7] Thus, Claimant's appeal is patently untimely. *See* Pa. R.A.P. 1512(a)(1). Further, Claimant has not demonstrated an administrative breakdown, fraud, or other non-negligent circumstances that would warrant a *nunc pro tunc* appeal.[8]

Accordingly, we are constrained to quash Claimant's untimely appeal for lack of jurisdiction. *See Frempong*.

LORI A. DUMAS, Judge

---

[7] Claimant's timely filing of a request for reconsideration did not stay the appeal period. *See Brown v. Greene Cnty. Off. of Dist. Att'y*, 255 A.3d 673, 675, n.3 (Pa. Cmwlth.) ("A party's filing of a motion for reconsideration . . . does not stay the appeal period . . . ."), *appeal denied*, 268 A.3d 1076 (Pa. 2021).

[8] In her appellate brief, Claimant references correspondence with the Board regarding her request for reconsideration. *See* Claimant's Br. at 8. She also states that she "attempt[ed] to communicate with the agency" after receiving an overpayment notice in August 2021; sought assistance from her state representative; and was then told by an agency representative that she should file an appeal with this Court. *Id.* Claimant offers no evidence to support these assertions. However, even if we were to accept these assertions as true, they would not establish a right to *nunc pro tunc* relief. Claimant has not appealed the Board's decision to deny reconsideration, and any attempt to appeal the Board's decision in August 2021 was already months beyond the expiration of the appeal period.

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicole Naticchia,                :
              Petitioner       :
                                 :
             v.                   :      No. 1486 C.D. 2021
                                 :
Unemployment Compensation     :
Board of Review,                :
             Respondent     :

# **O R D E R**

AND NOW, this 2nd day of June, 2023, Nicole Naticchia's appeal from the decision of the Unemployment Compensation Board of Review, entered May 4, 2021, is QUASHED for lack of jurisdiction.

                               _____
                               LORI A. DUMAS, Judge