IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Tierra Dixon, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1293 C.D. 2023 |
| | : | |
| Unemployment Compensation | : | Submitted: November 7, 2024 |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE STACY WALLACE, Judge
HONORABLE MARY HANNAH LEAVITT, Senior Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                       FILED: December 23, 2024

Tierra Dixon (Claimant), acting *pro se*, petitions for review of the September 13, 2023 order of the Unemployment Compensation Board of Review (Board), which affirmed the Referee's decision dismissing her appeal as untimely pursuant to Section 501(e) of the Unemployment Compensation Law.[1]  After review, we affirm.

---

[1] Section 501(e) of the Pennsylvania Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e) (prescribing a 21-day appeal period).

# I. <u>Background</u>

The relevant facts and procedural history of this case are as follows. Claimant worked for Colonial Security Service Inc. (Employer) from December 2, 2019 until March 5, 2020. Claimant applied for unemployment compensation (UC) benefits in April of 2020 and listed her mailing address as 1936 S. Alden Street, Philadelphia, PA 19143. (Certified Record (C.R.) at 22.) She additionally provided her email address.

On April 8, 2022, the Scranton UC Service Center (Department) mailed Notices of Determination denying Claimant benefits under Section 402(b) of the Law based on its finding after an investigation that Claimant voluntarily left her employment because of personal or other reasons.[2] (C.R. at 50.) The Department also assessed Pandemic Emergency UC (PEUC) and Federal Pandemic UC (FPUC) fraud overpayments. The Notices of Determination advised Claimant of the applicable 21-day appeal period and that the final date to timely appeal the decision was April 29, 2022. Claimant filed an appeal nine months later, on January 20, 2023 via email, and the matter was referred to a Referee for disposition. (C.R. at 112.)

At the May 5, 2023 hearing Claimant acknowledged that the Department's decisions were sent to her South Alden Street address in Philadelphia on April 8, 2022. However, Claimant testified that she was not residing at that address at that time and she moved from that residence two years prior. Claimant indicated that she updated her mailing address with the post office and in the UC system, although she could not recall the specific date she changed it. (C.R. at 156.) Claimant averred that she

---

[2] Section 402(b)(2) of the Law provides that an employee is ineligible for UC benefits for any week in which her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. 43 P.S. § 802(b).

received the documents at issue from the Department in the mail at her new address approximately two weeks prior to the hearing. Claimant further testified that although she did receive several emails from the UC system prompting her to log onto its online portal, customer service did not respond to her many phone calls and emails. Claimant indicated that she eventually spoke with a representative about the appeals process in February of 2023.[3] (C.R. at 158.)

Claimant acknowledged that her last day of work for Employer was March 5, 2020, and that she stopped working at the company because "there was a lack of work at the job . . . I signed up for full-time position and I never received full time hours." (C.R. at 160.) Claimant clarified that Employer did not ask her to leave her position and that she left on her own volition because her job involved feeding the dogs on the premises, which was not a part of the initial job description, and she was "not a fan of dogs[.]" (C.R. at 161.)[4]

The Referee issued a decision on May 9, 2023, dismissing Claimant's appeal as untimely. In doing so the Referee determined:

> Section 501(e) of the [Law] provides that a decision made by the Pennsylvania Department of Labor & Industry (through the U.C. Service Center) shall be final and that compensation shall be paid or denied according to that decision unless it is appealed within the [21]-day appeal period after notice of it is mailed to the appealing party. In order for a Referee to have jurisdiction to consider an appeal filed after the 21-day period, the party who filed the appeal must show that either fraud or a breakdown in the administrative process caused the late appeal, or that the party caused the appeal to be late through non-negligent conduct.
> . . . .

---

[3] We note that this date falls after Claimant filed the appeal on January 20, 2023.

[4] Employer did not appear at the hearing. (C.R. at 166.)

3

At the Referee's hearing, Claimant testified that she had moved from the address given on the determinations and had provided her forwarding address to the post office. Claimant testified that she did not receive the determinations. Claimant testified that when she kept receiving emails from the [UC] CareerLink's office, she went into the portal and saw these determinations. Claimant testified that she quit her job because of lack of work, and because she had to feed the dogs.

Here, the documentary evidence of record establishes that, on 4/8/2022, the UC Service Center sent to Claimant several determinations under various sections of the Law. The competent evidence of record also establishes that the postal authorities did not return the Notices of Determination as undeliverable. The Notices of Determination advised Claimant that she had twenty-one days within which to file an appeal. The last day to file a timely appeal was 4/29/2022. Here, Claimant filed an appeal via email on 1/20/2023. Therefore, the Referee finds that Claimant filed a late appeal.

As the provisions of Section 501(e) of the Law are mandatory, the Referee has no jurisdiction to accept an appeal filed after the expiration of the statutory appeal period absent limited exceptions not relevant herein. The Referee has no jurisdiction [to] accept[] an appeal as timely as a matter of grace or indulgence as otherwise, there would be no finality to judicial action. Therefore, Claimant's Petition for Appeal must be dismissed in accordance with Section 501(a) of the Law.

(C.R. at 166-67.)

Claimant appealed to the Board, which affirmed the Referee's decision. The Board explained its rationale as follows:

The [Board], after considering the entire record in this matter, concludes that the determination made by the Referee is proper under the [Law]. Therefore, the Board adopts and

4

incorporates the Referee's conclusions and findings of fact. The Board takes administrative notice that Claimant's chosen preferred notification method is through internal message with email notification. The Board also takes administrative notice that according to department records, Claimant emailed the department upon receipt of the notices of determination on April 8, 2022, the same day they were issued and was then contacted by a representative on July 22, 2022, at which time the disqualifying determinations were reviewed, and Claimant updated her password and confirmed she was able to log into her dashboard.

In this matter, Claimant's appeal was filed after the deadline had passed. Claimant vaguely testified to trying to contact someone within the Department prior to filing an appeal. However, Department records indicate that Claimant had seen the determinations online on the day they were issued and also spoke with someone from the Department in July 2022 regarding the same determinations. The determinations contain directions for filing an appeal. Based on the conflicting department records and Claimant's testimony, the Board does not find Claimant's testimony credible. Claimant has provided no evidence that she submitted a timely appeal to her notices of determination. Claimant has provided no evidence that her late appeals were caused by fraud, administrative breakdown, or nonnegligent conduct. Therefore, Claimant's appeals are properly dismissed pursuant to Section 501(e) of the Law.

(C.R. at 192-93.)

## II. **Discussion**[5]

Claimant challenges the Board's decision to dismiss her appeal as untimely and claims that she did not receive notice of the determinations until after the

---

[5] "This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence" *Rivera v. Unemployment Compensation Board of Review*, 310 A.3d 348, 352 n.4 (Pa. Cmwlth. 2024). In UC cases, the Board is the ultimate factfinder and it resolves issues of credibility. *Id.*

deadline had passed. Claimant maintains that the untimeliness of her appeal should be excused because she had difficulty obtaining assistance from the UC office, she was confused about the appeal process, and any mistakes she made with respect to filing an appeal were unintentional. (Claimant's Br., at 1-2.)

As noted, Section 501(e) of the Law requires claimants to file an appeal within 21 days of receiving a notice of determination from the Department. 43 P.S. § 821(e).[6] Failure to file a timely appeal as required by Section 501(e) is a jurisdictional defect and the time period cannot be extended as a matter of grace. *Carney v. Unemployment Compensation Board of Review*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018). In order to justify an exception to the appeal deadline in the form of *nunc pro tunc* relief, a claimant must demonstrate that her delay in filing resulted from **extraordinary** circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances relating to the claimant. *Harris v. Unemployment Compensation Board of Review*, 247 A.3d 1223, 1229 (Pa. Cmwlth. 2021). An administrative breakdown occurs when an administrative body acts negligently, improperly, or in a misleading manner. *Id.* Additionally, "the burden of demonstrating the necessity of *nunc pro tunc* relief is on the party seeking to file the appeal, and the burden is a heavy one." *Id.*

---

[6] This provision states:

> (e) Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), no later than twenty-one calendar days after the "Determination Date" provided on such notice, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e).

This Court has also explained that notices of determination sent to a claimant properly addressed to her last known address advising her of the last day to file an appeal and not returned by the postal authorities are presumed to be received. *Duhigg v. Unemployment Compensation Board of Review*, 181 A.3d 1, 5 (Pa. Cmwlth. 2017). This is because "without proof of fraud or its equivalent, there is a presumption of regularity of the acts of public officials such as unemployment compensation authorities." *Id.*

Here, Claimant did not file her appeal until **nine months** after the deadline to file a timely appeal expired. There is no evidence that the Notices of Determinations mailed to her last known mailing address were returned as undeliverable by the postal service. Additionally, the Board expressly found "no evidence that [Claimant's] late appeals were caused by fraud, administrative breakdown, or nonnegligent conduct." (C.R. at 193.) The Board further found Claimant's testimony concerning the appeal process not credible when viewed in the context as the evidence as a whole. *See Rivera*, 310 A.3d at 352 n.4 (stating Board is ultimate factfinder in UC cases and resolves credibility issues).

Based on the foregoing, we conclude that the record fully supports the Board's decision and reflects that the untimeliness of Claimant's appeal was a consequence of her own failure to timely notify the Department of her changed address. This case involves no extraordinary circumstances warranting *nunc pro tunc* relief. Accordingly, we affirm the Board's order affirming the Referee's decision under Section 501(e) of the Law.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tierra Dixon,                          :
                     Petitioner        :
                                       :
          v.                           :    No. 1293 C.D. 2023
                                       :
Unemployment Compensation              :
Board of Review,                       :
                     Respondent        :


## ORDER


AND NOW, this 23rd day of December, 2024, the September 13, 2023 Order of the Unemployment Compensation Board of Review is AFFIRMED.


_____
PATRICIA A. McCULLOUGH, Judge